IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CALIXTO COLÓN-RIVERA, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>ASOCIACIÓN DE SUSCRIPCIÓN<br>CONJUNTA DEL SEGURO DE<br>RESPONSABILIDAD OBLIGATORIO,<br><br>    Defendant | CIVIL NO. 07-1875 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs Calixto Colón-Rivera, Juan Sánchez, Jorge Plard, Adalberto Avilés, and Noemí Valentín's ("Plaintiffs") motion for reconsideration (**No. 39**) of the Court's Opinion and Order granting Defendant's motion to dismiss (No. 37) and Defendant Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio's ("JUA") opposition thereto (No. 42). Also before the Court are several supplementary briefs filed by Plaintiffs (Nos. 47, 54, and 61) and Defendant (No. 58). Plaintiffs brought this lawsuit against Defendant for violation of their civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging violations of Due Process and Equal Protection under the Fourteenth Amendment, and the Takings Clause of the Fifth Amendment. Plaintiffs also bring claims arising under the Puerto Rico Consumer Class Action Statute, P.R. Laws Ann. tit. 32, § 3341. For the reasons stated

CIVIL NO. 07-1875 (JP)              -2-

herein, Plaintiffs' motion is hereby **GRANTED IN PART AND DENIED IN PART**.

## I.   FACTUAL ALLEGATIONS

Under the Commonwealth of Puerto Rico's Compulsory Motor Vehicle Liability Insurance Act, Act No. 253, as amended ("Law 253"), codified at P.R. Laws Ann. tit. 26, §§ 8051-8061, liability insurance coverage is required for all motor vehicles that travel on public thoroughfares.  See Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores-Galarza, 484 F.3d 1, 6 (1st Cir. 2007).  Accordingly, every vehicle owner in Puerto Rico must either: (1) pay the premium for compulsory liability insurance at the time she acquires or renews a vehicle registration; or (2) opt out of the compulsory liability insurance program by privately purchasing liability insurance with comparable or better coverage. Despite this second option, many vehicle owners who obtain private insurance also pay the compulsory insurance premium.  See Flores-Galarza, 484 F.3d at 7.  Plaintiffs fall into the group of consumers who paid the premium twice.

Between the years 1997 and 2007, Plaintiffs paid a yearly amount of either $99.00 or $148.00, depending on the weight of their vehicles, to cover the cost of the compulsory Puerto Rico vehicle insurance policy for property damage caused to other vehicles and property.  They also purchased voluntary insurance policies - that is, traditional private insurance - to cover their potential

CIVIL NO. 07-1875 (JP)          -3-

liability for damage caused to people and property in the operation of their vehicles.  Plaintiffs bring this lawsuit alleging that they have not been reimbursed the premiums paid for the compulsory insurance policies, nor have said premiums been deducted from the traditional insurance paid to their private insurance companies, in violation of Law 253.

The JUA is a private corporation whose shareholders are different private insurance companies that sell motor vehicle insurance liability in Puerto Rico.  JUA receives the premiums collected from the compulsory insurance and has the obligation to distribute them among the participating private insurance companies for eventual distribution to the consumers, like Plaintiffs, who effectively paid twice for insurance coverage.  The JUA maintained a separate accounting entry on its balance sheet called "Funds Retained by the Insurer Belonging to Others" ("Reserve"), which included those funds to be reimbursed to holders of traditional liability insurance who paid the compulsory premium when they acquired or renewed their motor vehicle license but had yet to request said reimbursement.  Plaintiffs allege that from 1997 to 2007, JUA has failed to properly distribute said duplicate premiums to the different private insurance companies as provided by Puerto Rico law.  Plaintiffs also allege that the JUA failed to notify Plaintiffs of their right to reimbursement for the duplicate premiums paid.

CIVIL NO. 07-1875 (JP)          -4-

Rather than distributing the money to the private insurers and in turn to the consumers, the JUA has transferred the Reserve to the Department of the Treasury of Puerto Rico ("Treasury") pursuant to Puerto Rico Law 230 of September 24, 2002, P.R. Laws Ann. tit. 26, § 8055 ("Law 230").  This statute provided for the Treasury to retain these funds as a trustee for a period of five years from the date of the transfer, after which these funds would be forfeited to the Commonwealth of Puerto Rico.  Plaintiffs allege that this law was passed by the Commonwealth of Puerto Rico to rectify its budget deficit.  Plaintiffs allege that approximately $188,000,000.00 has been transferred by the JUA to the Treasury in violation of the constitutional rights of consumers who were required to pay the double insurance premium.  Plaintiffs argue that Law 230 and Law 414 of September 22, 2004,[1] violate their Fifth and Fourteenth Amendment rights because these laws deprive Plaintiffs of their property without due process of law, and require Plaintiffs to pay for government expenses that should be equitably borne by all Puerto Rico taxpayers.

After the complaint was filed, Plaintiffs properly served Defendant.  In lieu of answering the complaint, Defendant filed a motion to dismiss (No. 11).  After considering the parties' arguments, the Court granted the motion to dismiss (No. 37) and

---

1.   This law is also codified at P.R. Laws Ann. tit. 26, § 8055.

CIVIL NO. 07-1875 (JP)            -5-

dismissed Plaintiffs' claims under Section 1983 with prejudice and the Puerto Rico law claims without prejudice. Plaintiffs then timely filed the instant motion for reconsideration.

## II.  **MOTION FOR RECONSIDERATION**

Motions for reconsideration are entertained by courts when they seek to correct a manifest error of law or fact, when they seek to present newly discovered evidence, or when there is an intervening change in the law.  See Malavé v. Centro Cardiovascular de Puerto Rico y del Caribe, 485 F. Supp. 2d 6 (D.P.R. 2007); Silva Rivera v. State Insurance Fund Corp., 488 F. Supp. 2d 72 (D.P.R. 2007). However, a motion for reconsideration cannot be used to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.  See Morán Vega v. Cruz Burgos, 537 F.3d 14 (1st Cir. 2008); Malavé, 485 F. Supp. 2d at 8.

In the instant action, the Court finds that there has been an intervening change in the law with the decision of the United States Court of Appeals for the First Circuit in García-Rubiera v. Calderón, 570 F.3d 443 (1st Cir. 2009).  Also, there was an error of fact regarding the time bar issue that warrants reconsideration of said issue by the Court.  Accordingly, the Court will proceed to reconsider the Opinion and Order granting Defendant's motion to dismiss.

CIVIL NO. 07-1875 (JP)            -6-

### III. **LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### IV. **ANALYSIS**

Defendant originally moved to dismiss Plaintiffs' complaint on the grounds that Plaintiffs failed to comply with: (1) the pre-requisites for bringing a Fifth Amendment Takings Claim established in Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985); and (2) the statute of

CIVIL NO. 07-1875 (JP)            -7-

limitations for the Section 1983 claims.  Also, Defendant argues in its opposition to Plaintiffs' motion for reconsideration that Plaintiffs' Equal Protection claim should be dismissed.[2]  The Court will now consider Defendant's arguments.[3]

### A.   Ripeness Of Takings Claim

Under Williamson County, the Supreme Court listed two ripeness requirements for bringing a takings claim: (1) there must be a final decision from the state on the use of plaintiff's property; and (2) that plaintiff sought compensation through the state procedures provided for doing so.  473 U.S. 172, 194 (1985).  However, plaintiffs do not have to meet the second prong of the Williamson County test if they qualify under one of three exceptions: (1) plaintiffs bring a facial challenge to the regulation; (2) the state procedures are either unavailable, inadequate, or futile; or (3) the taking involves a direct appropriation of funds. García-Rubiera v. Calderón, 570 F.3d 443, 453 (1st Cir. 2009).

---

2.  Although the Equal Protection argument was not raised in the original motion to dismiss, the Court will consider the argument based on the intervening change in the law that arose from the García-Rubiera decision. Malavé v. Centro Cardiovascular de Puerto Rico y del Caribe, 485 F. Supp. 2d 6, 8 (D.P.R. 2007).

3.  In their supplemental brief in support of the motion for reconsideration (No. 54), Plaintiffs raised arguments that: (1) Plaintiffs are entitled to summary judgment because Law 230 as amended by Law 414 of 2004 is unconstitutional in that it deprives Plaintiffs of their property without notice and due process; and (2) JUA is a state actor in enforcing Law 230 and Law 414 on behalf of the Government of Puerto Rico. The Court finds that said arguments are not appropriate to raise in the context of a motion to reconsider the Court's Opinion and Order resolving Defendant's motion to dismiss. Instead, Plaintiffs may bring these arguments, if they wish to do so, at the summary judgment stage of the proceedings. Accordingly, the Court will not consider said additional arguments at this juncture.

CIVIL NO. 07-1875 (JP)          -8-

### 1.    Final Decision From The State On Plaintiffs' Property

To succeed on the first prong, Plaintiffs must show that: (1) they have a sufficient interest in the property; and (2) there was a final decision. See García-Rubiera, 570 F.3d at 452.

Defendant argues that Plaintiffs cannot establish a property right with regards to the duplicate premiums in JUA's possession until such premiums are transferred to the Government pursuant to Law 230. The Court disagrees with said conclusion. The García-Rubiera decision made it crystal clear that Plaintiffs do have a property interest in the duplicate premiums regardless of whether the funds have been transferred by JUA to the Government. Id. ("the *funds held by JUA* or the Secretary are clearly the 'private property' of Plaintiffs for purposes of the Takings Clause") (emphasis added). Lastly, there was a "final decision" on the Plaintiffs' use of the property when the Secretary appropriated the duplicate premiums. Id. Thus, the Court finds that the first prong of the Williamson County test is satisfied by Plaintiffs.

### 2.    Plaintiffs Seek Compensation Through State Procedures

In regards to the second prong, Defendant argues that Plaintiffs' claim is not ripe because Plaintiffs failed to take advantage of the state procedures created by law to allow Plaintiffs to obtain compensation for the duplicate premiums they have paid. Plaintiffs respond that they do not need to avail themselves of the

CIVIL NO. 07-1875 (JP)         -9-

state created procedures because they qualify for one of the exceptions to the second prong of the Williamson County test.

Based on the First Circuit's decision in García-Rubiera, Defendant's argument fails. Plaintiffs do not have to meet the second prong of the Williamson County rule. García-Rubiera, 570 F.3d at 453 (finding that the Plaintiffs do not have to comply with the second prong of Williamson County because they fall within the third exception since the taking involves a direct appropriation of funds). Accordingly, the Court holds that Plaintiffs' takings claim is ripe.

### B.    Time Bar On Section 1983 Claims

JUA also argues that Plaintiffs' claims brought pursuant to Section 1983 are time barred. When determining whether an action filed pursuant to Section 1983 is timely, the Court must apply the forum state's statute of limitations period for tort actions. See González-Álvarez v. Rivero-Cubano, 426 F.3d 422, 425 (1st Cir. 2005). In Puerto Rico, that period of time is one year. Id.

Federal law is applied to determine when the limitations period begins to accrue. Id. at 425-26. For claims brought pursuant to Section 1983, the statute of limitations generally begins to run "when the plaintiff knows or has reason to know of the injury which is the basis for the claim." Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96-97 (1st Cir. 2004). Facial challenges to regulations accrue at the moment the challenged regulation or ordinance is passed because it effectively creates an immediate

CIVIL NO. 07-1875 (JP)         -10-

taking of property in terms of a plaintiff's allegations. See Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores-Galarza, 484 F.3d 1, 14 (1st Cir. 2007); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993) (holding that plaintiff's cause of action accrued upon the passage of the state ordinance at issue, and thus had to be filed within one year from said date to be timely for Section 1983 purposes). However, the statute of limitations for bringing a Section 1983 claim can be tolled. Rodríguez-García, 354 F.3d at 97. A state court proceeding will toll the statute of limitations for a federal proceeding if the causes of action of both are "identical." Id.

In the instant action, Law 230 was passed on September 24, 2002, which marked the date of the accrual of Plaintiffs' claims. The instant complaint was filed on September 20, 2007, nearly five years later and well beyond the applicable one year statute of limitations period. However, Plaintiffs filed a state court complaint in 2001, which they later amended in 2005, challenging the Government of Puerto Rico's act of taking possession of the funds owed to Plaintiffs. Thus, the Court must determine whether the timely filed state court action tolled the statute of limitations for the instant federal complaint. Defendant does not raise any argument against Plaintiffs' proposition that the statute of limitations was tolled.

CIVIL NO. 07-1875 (JP)            -11-

### 1. Amended State Court Complaint Relates Back To Original State Court Complaint

In determining whether the state court and federal complaint are "identical," the first issue for the Court to decide is whether to consider the original state court complaint filed in 2001 or the amended state court complaint of 2005. Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004). To use the amended state court complaint as the basis for comparison with the federal complaint, the amended state court complaint must relate back to the original state court complaint. Id. Puerto Rico law is the appropriate law in determining whether the amended complaint relates back to the original. Id. Puerto Rico Rule of Civil Procedure 13.3 states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the date of the original pleading." 32 P.R. Laws Ann. App. III R. 13.3.

In the instant case, the Court finds that the allegations of the amended state complaint relate back to the allegations of the original state complaint. The complaints relate to each other because they arose out of the same transaction: the allegedly illegal retention by JUA of the insurance premiums that JUA was bound to distribute. Rodríguez-García, 354 F.3d at 97-98.

CIVIL NO. 07-1875 (JP)          -12-

The Court finds that the events subsequent to the original complaint, the enactment of Laws 230 and 414, which led JUA to transfer the money to the Commonwealth of Puerto Rico, do not constitute different conduct or a different transaction. Instead, Laws 230 and 414 express new grounds or specifications for the original allegations because the laws continued the conduct already alleged by Plaintiffs in the original complaint - the illegal retention of the money belonging to Plaintiffs. Moa v. E.L.A., 100 D.P.R. 573 (1972). Said new grounds or specifications do not constitute a new cause of action that would prevent an amended complaint from relating back to the original complaint. Id. at 587-88. Thus, the Court finds that the amended complaint filed in 2005 should be used as the basis of comparison with the federal complaint.

### 2. Identicality Requirement

A state court action tolls the statute of limitations for a newly instituted federal action provided that the second action filed in federal court meets the "identicality" requirement when compared to the state action. Rodríguez-García, 354 F.3d at 97. To meet the identicality requirement, the new federal complaint must: (1) seek the same form of relief as the state complaint; (2) have causes of action based on the same substantive claims as the state complaint; and (3) be asserted against the same defendants. Id. at 97-98.

CIVIL NO. 07-1875 (JP)          -13-

Here, the Court concludes that the three identicality requirements are met by the federal complaint. First, the remedy sought in both the state action and the federal actions is the same: damages against JUA. Next, the causes of action in the state and federal complaint are based on the same substantive legal ground: that JUA deprived Plaintiffs of the premiums that were owed to them by retaining and converting said premiums. Lastly, JUA is the defendant in both the state and federal action. As a result, the statute of limitations was tolled by the state action and therefore Plaintiffs' Section 1983 claim is timely. Accordingly, Defendant's argument that the Section 1983 claims are time barred fails.

### C.   **Plaintiffs' Equal Protection Claim**

Defendant argues in its opposition to Plaintiffs' motion for reconsideration that Plaintiffs' Equal Protection claim should be dismissed because García-Rubiera decided said issue. Plaintiffs alleged in their complaint that they were singled out by the Government of Puerto Rico as payers of the duplicate premiums to pay for the government expenses that should have been paid by all citizens. As clearly laid out in García-Rubiera, Plaintiffs cannot state a claim for an Equal Protection violation because Laws 230 and 414 satisfy the applicable constitutional standard, which requires that the law in question be rationally related to a legitimate government purpose. 570 F.3d 443, 458-59 (finding that the Government of Puerto Rico's goals in passing Laws 230 and 414

CIVIL NO. 07-1875 (JP)          -14-

constituted a rational means serving a legitimate end and therefore there was no violation of the Equal Protection clause). Accordingly, the Court will dismiss Plaintiffs' Equal Protection claim with prejudice.

### D.    Puerto Rico Law Claims

In its Opinion and Order (No. 37), the Court dismissed without prejudice Plaintiffs' claim under Puerto Rico Law because the federal claims had been dismissed.  Now that the Court has reconsidered and will not dismiss all the federal claims, the Court will hear the Puerto Rico Law claim under the Puerto Rico Consumer Class Action Statute, P.R. Laws Ann. tit. 32, § 3341.

### V.    CONCLUSION

In conclusion, the Court **VACATES** the Final Judgment (No. 38) dismissing with prejudice Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 and dismissing without prejudice the Plaintiffs' Puerto Rico Law claims.  However, the Court will enter a new Judgment dismissing with prejudice Plaintiffs' Equal Protection claim.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of October, 2009.

                                          s/Jaime Pieras, Jr.
                                           JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE